REQUESTED BY: Robert G. Simmons, Jr., Banner County Attorney Harrisburg, Nebraska
May the Clerk of the County Court issue an execution directed to the sheriff of another county?
Yes.
Section 24-528 R.R.S. (1943) provides as follows:
 All provisions in the codes of criminal and civil procedure governing actions and proceedings in the district court not in conflict with statutes specifically governing procedure in county courts and related to matters for which no specific provisions have been made for county courts shall govern and apply to all actions and proceedings in the county court.
Therefore, either a provision from the district court relating to the issuance of executions will control or a statute specifically governing procedures in the county courts specifically directed to this question shall control.
Section 24-534 R.R.S. (1943) provides that:
 It shall be the duty of the sheriffs of the several counties to execute or serve all writs and process issued by any county court and to them directed, and to return the same. . . .
As a consequence, any writ issued by any county court is required to be served by the sheriff of any county to which it is directed. An execution is a form of a writ. (Section25-1516 R.R.S. (1943)) Moreover, Section 25-1501 states:
 Executions shall be deemed process of the court, and shall be issued by the clerk and directed to the sheriff of the county. They may be directed to different counties at the same time.
Thus, a writ of execution may be directed to a sheriff of a county other than the county from which the writ is issued and the sheriff is required to serve and return the same. The question remains of whether or not there is any specific statute controlling the issuance of writs from the county court which more specifically relates to the issue and is not in conflict with the statutes relating to the district court.
Section 24-539 R.R.S. (1943) provides that a transcript of a judgment of the county court may be filed in the office of the Clerk of the District Court in any county of the state and upon such filing shall become a lien on real estate in that county and the Clerk of the District Court may issue an execution on that judgment in like manner as an execution issued upon a judgment rendered by the district court. This statute does not appear to be in conflict with 25-1501
because it simply provides a means by which judgments of the county court can be filed with the district court and thereby become a lien on real estate. It further provides a means by which an execution can be made upon a judgment thus filed with the district court. Section 25-1501
on the other hand provides a means by which executions from the county court can be directed to several different counties at the same time with all of the returns by the various county sheriffs to be made to the single county court. This statute merely allows for an efficient resolution of the collection of a single judgment by providing the means by which a single court will review all of the returns made by the various sheriffs thereby eliminating over collection of the judgment and by reducing the overall cost to the judgment debtor by eliminating the need for paying the costs of additional transcripts of the judgments and filing fees that would otherwise have to be paid if the judgment were filed in more than one court. This statute thus provides for an efficient and cost effective means for the collection of a judgment and is not in conflict with any other provision of the statutes specifically governing procedures in a county court.
Very truly yours,
A. EUGENE CRUMP Deputy Attorney General
LeRoy W. Sievers Assistant Attorney General
APPROVED:
A. Eugene Crump Deputy Attorney General